William J. McCann, Respondent, *v.* The City of Albany, Appellant.

1. Municipal Contract — Damages for Delay in Completion of Work. Where a contract for a municipal improvement requires the contractor to pay a certain sum a day, as liquidated damages, for each day the completion of the work is delayed beyond a specified date, the municipality will not be allowed to retain from the contractor a substantial sum, under the guise of liquidated damages for delay, when in fact only nominal damages have been sustained.

2. Damages Sustained by Municipality — Question Whether Substantial or Nominal, Raised on Trial. Where a contractor has recovered a judgment against the municipality for a sum retained by it as liquidated damages under the contract, the claim, on appeal, that the question as to whether the municipality sustained substantial or merely nominal damages was not raised on the trial, is not tenable, when the municipality's claim to retain the money was the main issue, and from motions made by it on the trial it appears that it elected to defend the action upon the theory that it was entitled to the sum retained, without reference to the actual damages sustained by it, because that sum was nominated in the contract.

3. Contractor's Remedy by Mandamus to Compel Assessment — Question not Raised on Trial. The claim, on appeal from a judgment recovered by a contractor against the municipality for an item of the contract price excepted by it, as liquidated damages for delay, from the assessment levied for the work, that the plaintiff should have proceeded by mandamus to compel the defendant to levy an assessment for the item in suit, cannot be considered by the Court of Appeals when the record fails to show that the question was raised in the trial court.

McCann v. *City of Albany*, 11 App. Div. 378, affirmed.

(Argued March 15, 1899; decided April 18, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 2, 1896, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover an alleged unpaid balance due the plaintiff upon his contract with the defendant for the construction of a public sewer, and also to recover for certain items of alleged extra work.

The facts, so far as material, are stated in the opinion.

*John A. Delehanty* for appellant. The defendant acted simply as the agent of the owners of property liable to be assessed to defray the expense of the work, and was legally responsible only for the payment of the amount collected from the assessment levied for that purpose. If the defendant refused or neglected to make a proper and sufficient assessment for such purpose, or refused to take the necessary proceedings for the collection thereof, the plaintiff could have proceeded by mandamus and compelled the defendant to take such action. No action to recover damages is maintainable against the defendant. (L. 1883, ch. 298, tit. 9, § 29 ; L. 1887, ch. 242 ; *People ex rel. v. Mayor, etc.*, 144 N. Y. 66 ; 65 Hun, 321 ; *Hunt v. City of Utica*, 18 N. Y. 442 ; *Lake v. Trustees of Williamsburgh*, 4 Den. 520 ; *King v. City of Brooklyn*, 42 Barb. 627 ; *McCullough v. Mayor, etc.*, 23 Wend. 458 ; *Baker v. City of Utica*, 19 N. Y. 326 ; *Sage v. City of Brooklyn*, 89 N. Y. 201 ; *Sherman v. Boyce*, 15 Johns. 443 ; *People ex rel. v. Haines*, 49 N. Y. 587.) The city engineer and street commissioner determined that the contract was not substantially performed until after all obstructions were removed and the entire sewer left clean at the termination of the work, and their determination was conclusive between the parties according to the terms of the contract. (*Reilly v. City of Albany*, 112 N. Y. 31 ; *Smith v. Brady*, 17 N. Y. 173 ; *Phelan v. Mayor, etc.*, 119 N. Y. 86 ; *Byron v. Low*, 109 N. Y. 291 ; *Wasmer v. D., L. & W. R. R. Co.*, 80 N. Y. 212.) The sum deducted from the contract price

on account of the failure of the plaintiff to fully complete
the contract within the time designated was not a penalty, but
the liquidated damages fixed by virtue of the express language
of the agreement which authorized the extension of the time
of performance of the work. (*Little* v. *Banks*, 85 N. Y.
258 ; *Noyes* v. *Phillips*, 60 N. Y. 408 ; *Ward* v. *H. R. B.
Co.*, 125 N. Y. 230 ; *Tode* v. *Gross*, 127 N. Y. 480 ; *Bagley*
v. *Peddie*, 16 N. Y. 469 ; *Cotheal* v. *Talmage*, 9 N. Y. 551 ;
*W. I. Works* v. *M. P. Assn.*, 19 L. R. A. 456.)

*Edwin Countryman* for respondent. The city is liable to
the plaintiff for the amount remaining due and unpaid to him
under the contract, whether or not it has collected the same
by means of an assessment from the owners of property bene-
fited by the improvement. (*People ex rel.* v. *Haines*, 49 N.
Y. 587 ; *Reilly* v. *City of Albany*, 112 N. Y. 30 ; *Cumming*
v. *Mayor*, etc., 11 Paige, 596 ; *Sage* v. *City of Brooklyn*, 89
N. Y. 189 ; *McCormack* v. *City of Brooklyn*, 108 N. Y. 49 ;
*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9 ; *Genet* v. *City
of Brooklyn*, 99 N. Y. 296 ; *McCullough* v. *Mayor*, etc., 23
Wend. 458 ; *People* v. *Bd. Suprs.*, 11 N. Y. 573 ; *Baldwin*
v. *City of Oswego*, 1 Abb. Ct. App. Dec. 62.) The defend-
ant was not entitled to deduct the penalty or forfeiture named
for not completing the arch or culvert within the time speci-
fied in the original or special contract. (*Wright* v. *Reusens*,
133 N. Y. 298 ; *Russell* v. *Allerton*, 108 N. Y. 288 ; *Nicoll*
v. *Sands*, 131 N. Y. 19 ; L. 1886, ch. 256, § 1 ; *Lake* v.
*McElfatrick*, 46 N. Y. S. R. 437 ; *Matter of Freel*, 148 N.
Y. 165 ; *Brady* v. *Mayor*, etc., 132 N. Y. 415 ; *Snaith* v.
*Smith*, 57 N. Y. S. R. 86 ; *Anderson* v. *Meislahn*, 12 Daly,
149 ; *Weeks* v. *McCarty*, 89 N. Y. 566 ; *Dannat* v. *Fuller*,
120 N. Y. 554.) The defendant was not entitled to retain
out of the money due under the contract the sum of $6,900
claimed as forfeiture or liquidated damages under the agree-
ment of January 9, 1888, for the further reason that the city
sustained no damage on account of the non-completion of the
sewer. (*Richards* v. *Edick*, 17 Barb. 260 ; *Colwell* v. *Law-*

*rence*, 38 N. Y. 71; *Kemp* v. *K. I. Co.*, 69 N. Y. 57; 1 Sedg. on Dam. [8th ed.] 556, 559, 581–583; *Dennis* v. *Commers*, 3 Johns. Cas. 297; *Staples* v. *Parker*, 41 Barb. 648; *Beal* v. *Hayes*, 5 Sandf. 640; *Noyes* v. *Phillips*, 60 N. Y. 408.) The plaintiff was entitled to compensation for the extra concrete furnished and used by him. (*Mulholland* v. *Mayor*, etc., 113 N. Y. 631.)

Parker, Ch. J.   In October, 1884, one Keenan entered into a contract with the defendant to construct a sewer, and began work upon it; but after a short time, for reasons that are of no moment upon this review, he refused to go on under his contract and steps were thereafter regularly and duly taken, with the result that a contract was entered into between the city and this plaintiff for the construction of the sewer.

The ordinance authorizing the making of the contract, among other things, provided that nothing therein contained should "be held to create any liability on the part of the city of Albany to pay for the expense of the work and improvement therein authorized to be done, or any part thereof, except to the extent that such expense should be collected by the city of Albany from assessments levied therefor upon the houses and lots, vacant lots and franchises intended to be benefited by such work and improvement, according to law." The contract contained the following provision: "Payment for the above-mentioned work is not to be required or to be due until the same shall have been fully completed according to the intent and meaning of the agreement and until the lapse of thirty days after the apportionment and assessment of the expense of the same shall have been approved and confirmed by the board of contract and apportionment of said city, according to the statute in such case made and provided, and until the same shall have been collected by the chamberlain from said assessments." The plaintiff contracted to finish the work on or before the 1st day of July, 1886, and gave a bond in the penal sum of $25,000, conditioned for the faithful performance of the contract. He failed to complete the work by

the 1st day of July, 1886, but the time of performance was extended on his application from time to time, by the board of contract and apportionment, until on or about the 19th day of January, 1888. On that date he made application for a still further extension, but the board declined to grant it, unless the contractor and his sureties should enter into a written agreement requiring payment by the contractor of the sum of $50 a day as liquidated damages for each and every day the full and complete performance of the work should be delayed beyond May 1st, 1888. The conditions were accepted and the agreement executed, but the work was not fully completed on the 1st day of May, 1888, although the sewer was nearly constructed at that time, only a small portion at the western extremity being unfinished, and it continued in that state until about the 14th day of May by the direction of the street commissioner and the city engineer, in order to permit the construction of an approach or outlet to the mouth or entrance thereof. While the work of construction proper was fully completed on the 14th day of May, the defendant insisted that it was the plaintiff's duty under the contract to clean the earth, gravel and rubbish out of the sewer. The plaintiff claimed that he had taken the stone, earth and rubbish out of the sewer as fast as he completed it, and insisted that that was all the cleaning he was required to do; that it was not his duty under the contract to take out of the sewer material that had accumulated therein after the city had begun to make use of it. After an extended controversy between the plaintiff and the municipal officers having charge of the construction, the plaintiff did enter upon the work of cleaning the sewer, and the cleaning was completed about 138 days after the 1st day of May. When the defendant's officers came to levy an assessment upon the property benefited, for the purpose of paying the cost of construction of the sewer, they first deducted from the amount due to the plaintiff the sum of $6,900, as and for liquidated damages under the contract. The assessment levied was collected and paid over to the plaintiff with the exception of $821.34, which the defendant claimed the right to deduct

under a provision of the contract authorizing it either to retain, or to be reimbursed for, any moneys paid out within a year after the completion of the contract in repairing defective work thereunder. As to this item the referee found that the amount so paid out by the defendant was not due to defective work by the plaintiff, but rather to the interference of another contractor who intersected with a smaller sewer the one constructed by the plaintiff. This finding of fact by the referee and its affirmance by the Appellate Division puts that question at rest.

As to the question of liquidated damages, so called, the referee in his report found that the work was substantially completed on time, and that at the end of fourteen days thereafter all the work that the plaintiff was called upon by the contract to do, was done, as it was not his duty to clean the sewer. The Appellate Division put its affirmance of the judgment entered upon such report upon another ground. It held that the evidence repelled the presumption of damages which ordinarily obtains, and, indeed, conclusively established that the city sustained no damages whatever, other than nominal damages, and, hence, that the sum specified in the contract, notwithstanding it is called liquidated damages, is clearly a forfeiture, and its enforcement would have the quality of extortion. The position taken by the learned justice who wrote the opinion of the Appellate Division, that the defendant will not be allowed to retain a substantial sum of money under the guise of liquidated damages, when in fact only nominal damages have been sustained, cannot well be questioned; but it is insisted that the question was not raised upon the trial; had it been, it is said it cannot be known but that the city would have been able to prove actual damages. It would seem that the question was necessarily up for decision before the referee. The plaintiff sought to recover of the defendant the sum that it had deducted from the assessment, and which it claimed the right to deduct on the ground that, under the contract, it was entitled to such sum as liquidated damages; the city's claim of right to retain that money, or

any part of it, was in issue and was the main issue of the trial.

Upon the motion to dismiss the complaint, the counsel who tried the cause presented as one of his grounds the following: "That the proofs show that the plaintiff forfeited to the defendant the sum of $6,900, sued for by him in this action, for the reason that his proof shows that he did not complete all of the work and furnish all of the materials required by the contract in question to be done and furnished by him within the time required by said contract, as extended by the defendant upon the request of the plaintiff." The motion to dismiss at the close of the case was renewed upon this ground among others. It thus appears that the defendant elected to defend the action as to this item upon the theory that it was entitled to the entire sum of $6,900, without reference to the actual damages sustained by it, because that sum was nominated in the contract; if it could have shown that the city actually sustained damages by reason of the delay for 138 days, it omitted to do it, for, as the record stands, it appears that the city had full and complete use of the sewer during all that period of time.

The learned counsel for the appellant further urges that the defendant acted simply as the agent of the owners of the property liable to be assessed to defray the expense of the work, and was legally responsible only for the payment of the amount collected from the assessment levied for that purpose; that if the defendant refused or neglected to make a proper and sufficient assessment for such purpose, or refused to take the necessary proceedings for the collection thereof, the plaintiff should have proceeded by mandamus and compelled the defendant to take such action; that no action to recover damages is maintainable against the defendant. His brief contains an exhaustive discussion of the question, some phases of which have been considered by the court in *Hunt* v. *Utica* (18 N. Y. 442); *Reilly* v. *Albany* (112 N. Y. 30); *People ex rel. Ready* v. *Syracuse* (144 N. Y. 66), and *Weston* v. *Syracuse* (158 N. Y. 274). But the counsel who tried the cause seems

not to have been so strongly assured of the correctness of the proposition, for the record before us, by which, of course, we must be guided, does not contain any suggestion that, by motion or otherwise, the question was raised in the trial court. We are, therefore, cut off from its consideration; for should we reach the same conclusion with reference to it as the learned counsel for the appellant, we would be without power to give effect to our views by a reversal of the judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.