## DUNN v. MORGENTHAU.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

**1. LIQUIDATED DAMAGES OR PENALTY—CONTRACTS—CONSTRUCTION.**

    A clause in a contract for the removal of stone from lots within a certain time, which provides that the contractor shall recover an additional compensation for each day saved by the termination of the work before such time, and that a like sum shall be paid as liquidated damages for each day's delay after such time, will be construed as providing for liquidated damages, and not as creating a penalty, when the property owner has lost the sale of the lots at a profit by reason of the contractor's delay.

**2. SAME—NECESSITY OF INJURY.**

    A provision in a contract fixing a sum as liquidated damages will be construed as providing a penalty, even if not excessive, if no injury has resulted from the breach of the condition for which the damages are provided.

**3. SAME—EXCESSIVE LIQUIDATED DAMAGES—HOW TO DETERMINE.**

    The question whether a sum named in a contract as liquidated damages for each day's delay in performing the contract is so excessive as to authorize a holding that it is invalid as a penalty must be determined from facts existing at the time of the making of the contract, as to permit subsequent facts to control would enable the contractor to make such sum excessive by delaying the performance.

4. SAME—ACTION—COUNTERCLAIM.
    A defendant in an action on a contract, who counterclaims liquidated
    damages for the failure of the contractor to complete the work by the
    agreed time, has the burden of showing such failure.

Appeal from judgment on report of referee.

Action by Bartholomew Dunn against Maximilian Morgenthau for compensation under a contract requiring the removal of rock from certain lots, and providing $50 for each day's delay in removing the rocks from each lot after the time fixed for performance. From a judgment for plaintiff in a less sum than that claimed, he appeals. Modified and affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

L. L. Kellogg, for appellant.
S. Lachman, for respondent.

PATTERSON, J. The learned referee before whom this case was tried has well stated in his opinion the rule of law prevailing in the state of New York as to stipulations in contracts being for liquidated damages or for penalties. So much has been written upon the general subject of liquidated damages that it is unnecessary to multiply words concerning it. The leading cases in the state of New York are referred to by the referee in his opinion, namely, Cotheal v. Talmage, 9 N. Y. 554, 61 Am. Dec. 716; Clement v. Cash, 21 N. Y. 258; Kemp v. Ice Co., 69 N. Y. 57; Ward v. Building Co., 125 N. Y. 235, 26 N. E. 256; Curtis v. Van Bergh, 161 N. Y. 52, 55 N. E. 398; Little v. Banks, 85 N. Y. 265. The rule deducible from all the cases is that, where it is ascertainable from the terms of an agreement, construed in the light of the surrounding circumstances under which it was made, that a sum of money is agreed upon by the parties as the measure of damage which will be sustained by the nonperformance of that agreement, and the sum thus agreed upon under the circumstances is not so excessive as to shock the moral sense, courts will hold the parties to their agreement, and keep them bound by their contract. "Liquidated damages" is in one sense a mere phrase, but in another it has a very substantial meaning. When damages that may arise, but are incapable of legal proof, are agreed upon, the parties themselves come into accord as to compensation to be paid for a breach. Of course, if no damage is sustained, the provision of a contract for liquidated damages will be regarded as a penalty. That damage or injury must result from the breach is a necessary factor in the problem. In the case before us it is evident that time was of the essence of the contract. The testimony is very direct to the effect that, if the rock had been removed from the defendant's property in accordance with the terms of the contract, that property would have been marketable, and might have been sold to the great profit of the defendant. By reason of the neglect or delay of the plaintiff in completing the work of removing the rock, the defendant lost his market; at least, that is the fair inference from the whole testimony. That time was an important factor in this contract is

plain, and the plaintiff knew it. If the work had been completed by the plaintiff before the stipulated time mentioned in the contract, he was to receive $50 for every day between the date of actual completion and that named in the contract, and for delay an amount of damage that might otherwise have been unprovable, and not recoverable in an action, was agreed upon. We think the determination of the learned referee on the general question was correct. Whether an amount named in an agreement is to be considered as liquidated damages or as a penalty is not to be determined by events subsequent to the making of the agreement, for it is obvious that, if that were so, the greater the neglect of the defaulting party, the better position he would occupy. While we agree with the learned referee in the general view he has taken of the case, we think that his finding is erroneous in one respect. The liquidated damages were set up as a counterclaim, and it was incumbent upon the defendant to prove all the facts that would entitle him to a recovery. It is true that it was necessary for the plaintiff to show performance of his contract before he could recover, but that was shown. It cannot be doubted that the plaintiff at some time or other performed all the work he was called upon to do under the contract. The defendant has not satisfactorily shown that he was entitled to recover liquidated damages for the nonperformance of the contract to remove the rock from the first eight lots within the stipulated time. The evidence is clear as to the delay concerning the other lots, but on a careful examination of the whole evidence we think that the defendant did not satisfactorily show that the removal of the rock on the first eight lots was not completed by the 15th of April, the time stipulated in the contract. Therefore we think that the referee should not have allowed a recovery on the counterclaim for delay on the first eight lots from April 15th to June 8th, and that the plaintiff's recovery should be augmented by the sum of .$2,300.

The judgment should be modified so that it shall provide that the plaintiff recover of the defendant the sum of $6,050.54, less the defendant's adjusted costs, to which he is entitled by reason of his offer to allow the plaintiff to take judgment for a larger sum than that now found to be due him, and, as thus modified, the judgment should be affirmed, without costs in this court. All concur.