GEORGE W. HICKS, Respondent, v. T. D. McCOWN et al., Appellants.

Springfield Court of Appeals, June 6, 1910.

1. CRIMINAL LAW: Misdemeanors: Judgment: Justices' Courts: Right to Issue Execution for Fine and Costs. A justice of the peace who has rendered a legal judgment against a defendant in a misdemeanor case for fine and costs has the power to issue an execution against such defendant, commanding the officer to levy the same upon defendant's property.

2. JUDGMENT: Execution. The general rule is that every judicial tribunal having jurisdiction to pronounce judgment has authority to award execution.

3. STATUTORY CONSTRUCTION. Courts willl not construe laws so as to make their application absurd and unreasonable.

4. ———. The effect and consequence of any proposed construction of the law may be considered in ascertaining the probable intention of the lawgivers.

Appeal from Butler Circuit Court.—*Hon J. C. Sheppard*, Judge.

REVERSED AND REMANDED (*with directions*).

*Ernest A. Green* for appellants.

(1) The court erred in sustaining plaintiff's motion for judgment upon the pleadings. Revised Statutes 1899, secs. 2683, 2774, 2780, 2790, 2828, 4032, 604; State v. Latshaw, 63 Mo. App. 498; Musser v. Harwood, 23 Mo. App. 495; Bailey v. Winn, 113 Mo. 155; Ex parte Kiburg, 10 Mo. App. 442; State v. Barker, 63 Mo. App. 535; Ex parte Barker, 106 Mo. 551; State v. Butler, 191 Mo. 201; Gibson v. Mozier, 9 Mo. 256; Sterne Co. v. Mason, 16 Mo. App. 473; Pugh v. Williamson, 61 Mo. App. 165. (2) The general rule is that every judicial tribunal having jurisdiction to pronounce judgment has authority to issue executions. Exceptions to this rule must rest upon some clear and positive statutory limitation. Freeman on Executions, sec. 10; Musser v. Harwood, 23 Mo. App. 501; Bailey v. Winn, 113 Mo. 162.

*James Orchard* for respondent.

NIXON, P. J.—Respondent was tried in a justice's court for a misdemeanor and fined one dollar, which carried the costs of the prosecution, and upon which the justice rendered judgment. On that judgment, the justice issued an execution and directed the same to the sheriff of Butler county, Missouri, commanding him to levy the said fine and costs on the goods and chattels of George W. Hicks. Acting under the commands of this execution, the defendant, W. R. Buster, as deputy sheriff under T. D. McCown, sheriff, levied upon two mules as the property of Hicks. Subsequent to the levy of said execution, Hicks replevined said mules from the defend-

144 App—35

ants McCown and Buster. The writ of replevin was issued and delivered to the coroner who took the property into his possession and returned it to Hicks. When said cause came on for hearing in the circuit court, McCown answered by a general denial and W. R. Buster filed a separate answer admitting taking possession of the mules and justifying under the execution.

At the trial, plaintiff filed a motion praying for judgment on the pleadings because "(1) The answer of the defendants constitutes no defense to this cause of action; (2) on the whole pleadings the plaintiff is entitled to a judgment; (3) the sheriff had no right, power or authority under the execution to levy on the property of the plaintiff."

The court sustained this motion and rendered judgment for the plaintiff and ordered that the property be returned.

The question is thus clearly presented as to whether a justice of the peace, who has rendered a legal judgment against a defendant in a misdemeanor case for a fine and costs, has the power to issue an execution against such defendant commanding the officer to levy the same upon the defendant's property.

Respondent maintains that the only method of collecting a fine or costs when assessed on a conviction in a justice's court is by means of commitment.

Section 2683, Revised Statutes 1899, appearing in the chapter entitled, "Practice and Proceedings in Criminal Cases," is as follows: "The property, real and personal, of any person charged with a criminal offense, shall be bound from the time of his final conviction of such offense, for the payment of all fines and costs which he may be adjudged to pay."

Section 2828, Revised Statutes 1899, is as follows: "Whenever any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs, and no costs incurred on his part, except fees for board, shall be paid by the State or county."

Section 2780, Revised Statutes 1899, reads as follows: "All proceedings upon the trial of misdemeanors before justices of the peace shall be governed by the practice in criminal cases in courts of record, so far as the same may be applicable, and in respect to which no provision is made by statute." Certainly no express provision has been made as to the question at issue.

Section 2774, Revised Statutes 1899, provides: "Whenever the defendant shall be tried and found guilty, either by the justice or a jury, or shall enter a plea of guilty, the justice *shall* enter judgment against the defendant for such fine, and if the punishment shall be imprisonment in the county jail, or shall be both a fine and imprisonment, the justice *shall* enter judgment according to the finding of the court or verdict of the jury, and immediately commit the defendant to the county jail for the time designated in the judgment, and the defendant shall be *adjudged* to pay the costs, and *may* be committed to the county jail until the *judgment* for *both fine and costs* shall be paid, or until he shall be discharged therefrom under the provisions of the next succeeding section."

This section contemplates a judgment for fine or costs and its meaning is unmistakable. The word "shall" appears all through the section down to the clause, "and the defendant shall be adjudged to pay the costs." The clause following provides that the defendant *may* be committed until the *judgment* for both fine and costs shall be paid. It cannot be contended seriously that the Legislature intended to place it in the power of the justice to say that some defendants may be committed and others go scot free. Such a construction would not be reasonable, and courts will not construe laws so as to make their operation absurd and unreasonable. [State ex rel. v. St. L. & S. F. R. Co., 105 Mo. App. 207, 79 S. W. 714; Citizens' National Bank v. Graham, 147 Mo. 250, 48 S. W. 910; State ex rel. v. Johnson, 138 Mo. App. 306, 121 S. W. 780.] The effect

and consequences of any proposed construction of a law may be considered in ascertaining the probable intention of the lawgivers. [State ex rel. v. Johnson, supra, and cases cited.] Obviously, it was intended that an execution might be issued in support of such a judgment.

This construction receives strength by the reading of section 2790, Revised Statutes 1899, which is as follows: "Duty of officers in collections of fines.—It shall be the duty of the justice before whom any conviction may be had under this article, if there be no appeal, to make out and certify, and, within ten days after the date of the judgment, deliver to the treasurer of the county and clerk of the county court, each a statement of the case, the amount of the fine *and return day of the execution,* and the name of the constable charged with the collection thereof; and the county treasurer shall charge the constable with the amount of such fine, and unless the same shall be paid into the county treasury on or before *the return day of the execution,* the county court shall, . . ."

In the case of Betterton v. O'Dwyer, 124 Mo. App. 306, 101 S. W. 628, the plaintiff had pleaded guilty before a justice of the peace and was fined fifty dollars. The justice issued an execution on the judgment, commanding the constable of the township to levy the fine and costs on the goods and chattels of plaintiff, or for want of goods, to commit the prisoner to the county jail to be kept until the fine and costs were discharged by due process of law. Section 2683, Revised Statutes 1899, was applied to this state of facts and the learned judge who wrote the opinion did not question its applicability. The case actually went off on the question of whether the statutes exempting personal property to a certain amount from execution could be invoked against such a levy, but it shows the fallacy of respondent's contention that section 2683 can only apply to fines imposed in the circuit court.

Aside from all this, the justice, under the provisions of section 2774 certainly has the power to render a *judgment* for the fine or costs. "The general rule is 'that every judicial tribunal having jurisdiction to pronounce judgment has authority to award execution.' [Freeman on Execution, sec, 10; 17 Cyc. 985.]"

The judgment is accordingly reversed and the cause remanded with directions to the circuit court to enter judgment against the respondent under the provisions of the statute governing actions of replevin.  All concur.