# C. D. S. MILLER ET AL. *vs.* FRANCIS H. MACFARLANE ET AL.

Third Judicial District, New Haven, January Term, 1922.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

No provision in a contract for the payment of a fixed sum as damages, whether stipulated for as a penalty or as liquidated damages, will be enforced in a case where the court sees that no damage has been sustained.

The defendants, upon the sale to the plaintiffs of a business in which they were interested, gave a bond, "in the penal sum of $3,500 as liquidated damages," not to engage in or be connected with a competing business for five years. Thereafter the plaintiffs organized a corporation, to which they assigned the property and business purchased, receiving in return nearly all of the shares of capital stock of the corporation. The bond was not assigned. Thereafter one of the defendants engaged in the prohibited business, and the plaintiffs sued for the penal sum. The plaintiffs offered no proof of actual damage, and neither of them had since the date of the original sale engaged in his own name in any business covered by the bond. *Held* that judgment should be for defendants.

Argued January 17th—decided March 8th, 1922.

ACTION on a penal bond to recover the penalty of the bond as liquidated damages for breach of a covenant against competition, brought to and tried by the Superior Court in Fairfield County, *Kellogg, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error and cause remanded, with direction to set aside the judgment for the plaintiffs and enter judgment for the defendants.*

It is found that the plaintiffs, Miller and Hill, being about to purchase the property of the Bridgeport Silverware Company, required the defendants to execute the bond in suit whereby the defendant Francis H. Macfarlane sold to the plaintiffs any and all interest in or claims against the company, and both of the de-

fendants agreed that he would not, within a period of five years from such purchase, engage in or be connected with the business of making and selling casket hardware. For the faithful performance of this covenant the defendants bound themselves in "the penal sum of $3,500 . . . as liquidated damages." The purchase was completed on July 6th, 1917, and immediately thereafter the plaintiffs caused a new corporation to be organized under the name of the Bridgeport Silverware Corporation, and transferred to it the property and business purchased, receiving in return 230 out of 240 shares of the capital stock of the new corporation. They did not, however, assign to the corporation the bond sued on, or any interest therein. The new corporation has since carried on the business sold. In 1918 the defendant Francis H. Macfarlane did engage in and become connected with a casket hardware business carried on by the Fairfield Manufacturing Company. At the time of executing the bond in suit the parties knew that the damages which might be anticipated from a breach were uncertain in amount and difficult to prove, and the sum of $3,500 agreed on as liquidated damages was a reasonable one. The plaintiffs offered no proof of actual damage, and neither of them has at any time since July 6th, 1917, engaged in his own name in any business covered by the bond in suit.

*Edward K. Nicholson*, with whom, on the brief, were *William J. Buckley* and Messrs. *Cullinan, Cullinan* and *Keating*, for the appellants (defendants).

*Robert H. Gould*, for the appellees (plaintiffs).

BEACH, J. The validity of the stipulation for the payment of $3,500 as liquidated damages, depends upon

Miller *v.* Macfarlane.

the conditions we stated in *Rabinowitz* v. *Apter*, 90 Conn. 1, 96 Atl. 157: (1) that the damages to be anticipated are uncertain in amount or difficult to be proved; (2) that the parties intended to liquidate them in advance; (3) that the amount stated is a reasonable one, that is, not greatly disproportionate to the presumable loss or injury. These conditions are found to have existed in the present case at the time when the bond was executed; and it may be assumed, without deciding the point, that if the plaintiffs were still the owners of the business which the covenant against competition was intended to protect, the judgment would not be open to successful attack. It is, however, found that immediately after the execution of the bond the plaintiffs sold the entire property and business to a corporation organized by them for the purpose of carrying it on; and received in payment therefor stock of the newly-organized corporation. At that time they received 230 out of 240 shares of its capital stock, but it is not found that they still owned the whole or any part of these holdings in 1919 when this action was brought.

Assuming that they were still stockholders in the corporation, they have no interest sufficient to entitle them to sue for and recover damages for an injury to its business, except upon allegation and proof that the directors refused to bring an action in the name of the corporation. This action, however, is brought by the plaintiffs as individuals. It is not a stockholders' action, and the question is whether the plaintiffs may still recover the penal sum of $3,500 as liquidated damages for the breach of the covenant against competition, though it is found that they ceased to own the business before the wrongful competition commenced. We think not; for it was long ago settled that the penalty of a bond is not recoverable as a debt or as a penalty but only

as damages for the breach of the condition of the bond, and it must follow that there can be no recovery when, in an action on such a bond, it appears that the obligees have shifted their position so that the usual inference of damage from the mere fact of a breach cannot arise; and when no proof of actual damage is offered.

There is no allegation or finding that at the time of the breach the plaintiffs were stockholders in the Bridgeport Silverware Corporation. They stand on the letter of their bond, and are met by proof that when the breach occurred they no longer owned the business which the covenant was intended to protect.

To allow the liquidated damages in this case would be to violate the intent of the parties, and to enforce a penalty. The damages were necessarily estimated as those which the plaintiffs, as owners of the business sold, might presumably sustain in case of a breach of the covenant against competition. So understood, the liquidation of the damages was reasonable. But if the contract is interpreted as obligating the defendants to pay $3,500 to the plaintiffs in case of a breach, whether they then own the business or not, it is unreasonable, and the $3,500 must be regarded merely as security for the actual damages.

We have not been referred to an authority exactly in point, and have found none, but the case falls within the well-settled principle stated in *The Colombia*, 197 Fed. Rep. 661, 664, that "no provision in a contract for the payment of a fixed sum as damages, whether stipulated for as a penalty or as liquidated damages, will be enforced in a case where the court sees that no damage has been sustained." *McCann* v. *Albany*, 158 N. Y. 634, 53 N. E. 673; *Dunn* v. *Morgenthau*, 73 N. Y. App. Div. 147, 76 N. Y. Supp. 827, affirmed 175 N. Y. 518, 67 N. E. 1081; *May* v. *Crawford*, 142 Mo. 390, 44 S. W. 260; *Werner* v. *Finley*, 144 Mo. App. 544, 129

S. W. 73; *Hathaway* v. *Lynn*, 75 Wis. 186, 43 N. W. 956; *Jackson County Light, H. & P. Co.* v. *Independence*, 188 Mo. App. 157, 167, 175 S. W. 86; 17 Corpus Juris, 965; 1 Sedgwick on Damages (9th Ed.) § 411a.

There is error and the cause is remanded with direction to set aside the judgment for the plaintiffs and render judgment for the defendants.

In this opinion the other judges concurred.