David Kusnetz, J.
This is an article 78 proceeding directed to the members of the Board of Supervisors of the County of Suffolk and J. A. Palmer Electric Co. for an order rescinding *887 and annulling the resolution of the hoard awarding an electrical contract in connection with the construction and completion of the Children’s Court, Children’s Shelter and Probation Building for the Children’s Center for Suffolk County to respondent, J. A. Palmer Electric Co., the second lowest bidder under alternates Nos. 1 and 2, and for incidental relief.
The respondent board interposed no answer or opposing affidavits. The respondent J. A. Palmer Electric Co. interposed only an opposing affidavit. According to that affidavit, the proprietor of the successful bidder was informed that his company was awarded the contract because (1) his bid was the lowest bid which satisfied the financial security requirement of 5% of the amount bid at the time it was submitted, and (2) in the opinion of the board and the architect, he was in the best position satisfactorily to accomplish his work since his facilities of warehousing and labor supplies were in Huntington, Suffolk County, closer to the construction site than the' petitioner, whose principal place of business is in Bockaway Park, Queens County, New York. He pointed out that the latter reason for awarding him the contract was consistent with the statement in the invitation to bid, reading as follows: ‘ ‘ The Board of Supervisors reserves the right to reject any and all bids submitted and readvertise the same work, waive any informalities, or to award the contract to other than the lowest bidder, if it is deemed in the interest of the County to do so.” He urges that there is less than % of 1% ($70/$149,622) difference in the bids of petitioner and himself, whereas in the matter of the financial security, the deficiency of the petitioner was over 6% ($500/$7,500); that his own $7,500 security check met the 5% requirement, but petitioner’s did not, it being originally $500 short.
It is clear, however, that the certified check in the sum of $7,000 which was originally furnished by the petitioner was based upon the project as first advertised, and that between the original date for the opening of bids, on March 19, 1957, and the adjourned date, April 2, 1957, the cost was increased by approximately $9,000 due to the issuance of addenda; that on April 4, 1957, petitioner’s attention was called to the fact that the $7,000 originally deposited by it was insufficient, and an additional $500 certified check was thereupon sent which was in the possession of the board when it adopted the resolution awarding the bid, and neither such check nor the original check for $7,000 has ever been returned. Petitioner contends that under the circumstances it had substantially complied with the requirements of the invitation to bid, and that it, rather than the respondent J. A. Palmer Electric Co., was entitled to the con *888 tract since it was the lowest responsible bidder, and that J. A. Palmer Electric Company’s bid did not even contain any sum for alternate No. 3 as required by the invitation to bid.
The court is of the opinion upon the record before it that the retention of the additional $500 certified check, prior to the resolution awarding the contract, not only constituted a waiver of the deficiency occasioned by the addenda between the original and the adjourned dates for the opening of bids, but that petitioner had substantially complied with the requirements for submitting its bid; and that since its proposal and estimate were regular and the lowest offered, whereas the respondent J. A. Palmer Electric Company’s proposal omitted any bid for alternate No. 3, petitioner, rather than J. A. Palmer Electric Co., was entitled to the contract, it being the lower of the two responsible bidders. (See Smith v. Mayor, etc. of N. Y., 10 N. Y. 504, 506.)
The application is accordingly granted as prayed for. Settle order.