Robert O. Brink, J.
This proceeding was originally instituted by the petitioner, Stage Construction Company, against the Board of Water Commissioners of the Village of Johnson City as respondent, under article 78 of the CPLR, for an order directing the respondent to accept the petitioner’s rejected low bid submitted following advertised proposals for bids, involving the construction and installation of a certain water project designated as contract #5. The petition was verified on July 29, 1964, and the show cause order granted thereon was returnable August 3,1964.
The proposed contract was awarded to the second lowest bidder, the Olin Construction Company, Inc., of Camillus, New York, by action of the respondent Water Board on July 27,1964.
Upon the return of the original show cause order in this proceeding, the respondent Water Board appeared and *704 answered. The Olin Construction Company, Inc., appeared specially as amicus curies, with the permission of the court. Counsel for the Olin Construction Company, Inc., contended that his client would sustain pecuniary damages by reason of the facts that, after receiving notification from the respondent Water Board before the commencement of this proceeding, it had been awarded the contract, it ordered fabricated materials, obtained the necessary performance bond, refrained from bidding on other projects and caused a vice-president of its corporation to make a trip to Johnson City for conferences. He also argued that his client should have been made a party respondent and that the petitioner was improperly seeking relief in the nature of mandamus.
The petitioner then decided to obtain a supplemental show cause order returnable August 5, 1964, including the Olin Construction Company, Inc., as an additional party respondent. It was stipulated by the parties that the objections interposed by counsel for the respondents and counsel for the Olin Construction Company, Inc., on the return of the original show cause order, should be considered as applicable to the supplemental show cause order without further appearance or argument.
In the supplemental show cause order, the petitioner, in his prayer for relief, petitioned the court for an order reviewing and setting aside the determination of the Board of Water Commissioners rejecting petitioner’s bid and compelling the board to rescind the award to the Olin Construction Company, Inc.
At the time of the opening of the bids by the respondent Water Board on the 20th day of July, 1964, the petitioner’s bid in the sum of $380,629, was rejected on the ground that he failed to submit with his bid a certified check for 10% of the amount of the bid, to be forfeited as liquidated damages in the event of his failure to sign and execute the required contract and bid within 10 days or his abandonment of the contract. The petitioner did submit with his bid a surety bond of the HStna Casualty and Surety Company in the penal sum of 10% of the bid, and liability on said bond was limited by the following clause: 11 the surety shall in no event be liable for a greater amount hereunder than the difference between the amount of the Principal’s bid or proposal, and the lowest amount in excess of said bid, or proposal, for which said Obligee may be able to award said contract within a reasonable time ”.
The bids of five contractors were received and opened. The respondent Board of Water Commissioners rejected petitioner’s *705 bid, which was approximately $12,700 less than the bid of the Olin Construction Company, Inc., on the ground that the petitioner had failed to submit the security required by the advertised proposal.
Counsel for the petitioner argued before the Board of Water Commissioners at the meeting on the 20th day of July, and again at another meeting of the Water Board four days later on the 24th day of July, that the submission of the bond in lieu of a certified check was a mere irregularity and should be waived. On the 24th day of July, when such waiver was not obtained from the respondent Water Board, counsel for the petitioner tendered a certified check for $38,026.90. The respondent Water Board refused to accept the check and stood by its original decision to reject the petitioner’s bid.
There is no dispute by any of the parties as to the facts and the matter is submitted to this court as an issue of law involving the question whether there was an abuse of discretion by the respondent Water Board justifying this court in setting" aside its decision.
The first question to be determined is whether the respondent Water Board lawfully exercised its discretion on July 20, 1964, in rejecting petitioner’s bid because of the lack of the certified check. At that time, the petitioner rested on the argument that the bond was sufficient security and made no offer or tender of the required certified check. There is no question about the fact that the security submitted with petitioner’s bid was not the required security within the meaning and intent of section 103 (subd. 1) of the General Municipal Law, which provides that the contract shall be awarded to the lowest responsible bidder furnishing the required security. The proposal required a certified check for 10% of the amount of the bid to be treated as liquidated damages. The attorney for the petitioner argues that liquidated damages in that amount would be excessive and unreasonable. The courts of this State have held that on contract bids, such security may be required and treated as liquidated damages (Davin v. City of Syracuse, 69 Misc. 285, affd. 145 App. Div. 904; Brendese v. City of Schenectady, 194 Misc. 150).
However, the fact remains that such a certified check in the possession of the respondent Water Board could be considered as preferred security to a bond or undertaking, for any damages that might be sustained by the Water Board resulting from the abandonment of the contract by the bidder. Furthermore, the liability in the undertaking is limited to one item of damage and it makes no provision for reimbursement for damages, for *706 readvertising for bids or any other incidental damages arising from the failure of the bidder to follow through.
Under these circumstances, it cannot be said that the respondent Board of Water Commissioners acted arbitrarily or without justification in rejecting the petitioner’s bid on July 20.
There is authority to support the contention that the respondent could have waived the defect and either accepted the bond as security or allowed the petitioner to supply the certified check later (Frank Nowak Constr. Co. v. County of Suffolk, 233 N. Y. S. 2d 627; Matter of Herrick Elec. Co. v. County of Suffolk, 6 Misc 2d 886).
However, there does not seem to be authoritative precedent of courts directing municipal boards to waive substantial defects and irregularities in bids. Security is furnished for the benefit of the municipality. The waiver of an irregularity or defect in a bid is within the discretion of the municipal board, and only a municipal board can determine whether a waiver of a bidding irregularity would be beneficial to the municipality.
The next question that arises is whether the respondent Water Board acted arbitrarily and without justification in refusing to reconsider petitioner’s bid four days later on July 24, when the certified check was tendered. Although the award was not made to the Olin Construction Company, Inc., until July 27, 1964, there was ample justification for the respondent Water Board to refuse to change its position four days after it had rejected petitioner’s bid.
In the proposed Information for Bid, each bidder was required to declare that he had carefully examined the working plans and specifications in connection with the bid and other portions of the proposed contract. The question could well arise in the minds of the members of the municipal board as to whether the failure of a bidder to submit the required type of security might not well indicate irresponsibility and carelessness in the examination of the proposed contract and specifications. Another inotivating factor could well be reluctance to establish an unfair and dangerous precedent demonstrating bad faith to other bidders. Substantial irregularities and defects in competitive bids, unless promptly waived, may not only encourage litigation, but can create an atmosphere of suspicion and instability which may well discourage contractors from bidding on future projects. In fact, that very situation has arisen in this case where the Olin Construction Company, Inc., contends in the affidavit of one of its officers, that its position has been changed.
Counsel for petitioner argues that any steps taken by the Olin Construction Company, Inc., before the contract was aetu *707 ally completed, were at its own risk. This may be true. However, the Olin Construction Company, Inc., or any other construction company submitting the lowest accepted bid, would have good reason to believe that its position to obtain a contract would be favorable. Regardless of the legal aspects of such a situation, the question of good faith would be involved in a change of position on the part of the municipal board four days after a competitive bid had been rejected. Whether these reasons outweighed a saving of $12,700 was within the province of the Water Board to determine. Under such circumstances, the court should not substitute its discretion.
The courts of this State have held that an order under article 78 of the Civil Practice Act (still applicable to the CPLR) is primarily one resting in the sound discretion of the court, and only where the case presented shows no room for the exercise of a reasonable discretion may it be held, as a matter of law, that there has been an abuse of discretion (Matter of Mays v. State Liq. Auth., 9 Misc 2d 628, affd. 4 A D 2d 1018; Matter of Coombs v. Edwards, 280 N. Y. 361, 364).
In this proceeding, this court cannot find as a matter of law that there was an abuse of discretion by the respondent Water Board. The respondent Water Board is entitled to an order dismissing the original petition and the supplemental petition herein and awarding taxable costs and disbursements against the petitioner and in favor of the respondent Water Board. No costs are awarded to the respondent Olin Construction Company, Inc., for the reason that it originally appeared as amicus curiae and not as a party, and, under stipulation, was not required to appear on the return of the supplemental show cause order.