### William F. Hall *vs.* Daniel Crowley.

A clause in an agreement by H. to repair certain houses for the sum of $1500 and have them completed fit for occupancy by December 1st, which provides that "for each and every day's delay in the completion of said houses after December 1st, said H. is to forfeit five dollars," is to be construed as fixing the amount of liquidated damages and not as a penalty.

Contract brought to recover the balance due for repairing certain houses and other buildings under an agreement in writing by which the plaintiff agreed to repair the same and furnish the materials, excepting the stones, for the sum of $1500, and to complete the said houses in a workmanlike manner, fit for occupancy by the first day of December next. The contract also contained the following clause : " For each and every day's delay in the completion of said houses after December 1st, said Hall is to forfeit $5."

At the trial in the superior court, before *Rockwell*, J., it appeared by the report of an auditor to whom the case had been referred that there had been a delay of fifty-six days in the completion of the houses, and that the actual damages sustained by the defendant by reason of the delay was $100. The judge ruled that the above clause in the contract should be construed as a penalty, and that the sum of $100 only should accordingly be deducted from the plaintiff's claim for the delay, and found accordingly, a trial by jury having been waived. The defendant alleged exceptions.

*A. Russ*, for the defendant.

*A. Cottrell*, for the plaintiff.

Bigelow, C. J. The principles on which courts of law proceed in determining whether a sum named in a contract, to be paid in case of a failure to perform its stipulations, is to be treated as a penalty, or as liquidated damages from which no deduction is to be made, have been very fully discussed and applied by this court in recent cases. *Chase* v. *Allen*, 13 Gray, 42. *Lynde* v. *Thompson*, 2 Allen, 456. According to those principles, there can be no doubt that the sum named in the

contract declared on is to be treated as liquidated, and as fixing the exact measure of compensation to which the defendant should be entitled in case the plaintiff did not complete his contract within the stipulated time. Such seems to us to have been the intention of the parties. The language of the contract as applied to the subject matter is susceptible of no other reasonable interpretation. The sum agreed upon is a reasonable one, and such as the parties might well have fixed as a fair indemnity for a failure substantially to finish the houses within the period fixed by the contract. Besides, and this perhaps is the most decisive consideration, the sum named is for a breach of a contract for doing one certain and specific job of work within a prescribed time, and not for an omission to comply with divers separate and independent stipulations of different degrees of importance, and the failure to perform each of which would occasion very different and unequal amounts of damage to the defendant. Nor is it to be overlooked that the loss or injury which would accrue to the owner by the non-completion of the houses seasonably, according to the terms of the contract, would be difficult to prove and still more difficult to estimate in money. All these circumstances indicate very clearly that the intent of the parties was to insert in their agreement a fixed measure of damages, and not to name a sum as a penalty merely. *Fletcher* v. *Dyche*, 2 T. R. 36. *Curtis* v. *Brewer*, 17 Pick. 513. In cases of this nature, where the intent of the parties is so clear, the use of the word " forfeit" in the clause providing for damages in case of a breach is not regarded as of much weight. *Lynde* v. *Thompson, ubi supra.*

It was suggested by the counsel for the plaintiff that, as the contract contained various stipulations concerning the mode in which the work was to be done, if the clause in question was to be construed as an agreement for liquidated damages, a breach of the most unimportant of them would entitle the plaintiff to recover the agreed sum, although the loss or damage might be readily estimated in money and be much less in amount than the amount named in the contract. If this were so, it would, as already stated, be quite decisive that the parties

26 *

did not intend any such result. But such is not the true construction of the contract. The damages agreed on by the parties are not to be paid in case of a breach of the particular stipulations in the contract concerning the mode of doing the work, but for a failure to finish the work substantially according to the contract by a specified time. If the work was thus done, although imperfectly finished and in some respects not in conformity to the terms of the agreement, there would have been o breach of the clause in question, and no claim could have been maintained for liquidated damages.

*Exceptions sustained.*