WARREN HOLBROOK vs. ALONZO P. TOBEY.

Somerset, 1876.—May 26, 1877.

*Damages.*

Where a party binds himself in a sum certain not to carry on, or allow to be
carried on, any particular kind of business, within certain territory, or
within a certain time named, the sum mentioned will, in general, be
regarded as liquidated damages, and not as a penalty.

ON REPORT.

ASSUMPSIT on the following contract:

"Be it known that for a valuable consideration, paid by Warren
Holbrook, of Bingham, I hereby bind myself to said Holbrook, in
the sum of five hundred dollars, to close up my house, as a public
house, for the term of five years, meaning that the stables, nor the
house shall not be used for the entertainment of the traveling
public, for the next five years.  Bingham, May 25, 1872.

                                                A. P. Tobey."

The plaintiff introduced evidence tending to prove that the
house and stables referred to in the contract, had, previous to the
date thereof, been occupied by the defendant, as a tavern and
place of public entertainment; that the plaintiff also kept a tav-
ern in the same village, and that the defendant, having sold his
house and stables, they were re-opened by the defendant's gran-
tees, as a tavern, on the tenth day of August, 1873, and ever since
kept as a tavern.  The plaintiff claimed he was entitled to judg-
ment for the five hundred dollars named in the contract as liqui-
dated damages.  The defendant, on the contrary, contended that
the sum named in the contract should be treated as a penalty, and
the damages assessed by the jury.

The case was then by consent withdrawn from the jury, and
reported to the full court.  If the five hundred dollars named in
the contract, should be considered as liquidated damages, judg-
ment to be rendered for the plaintiff for that sum, otherwise the
case to stand for trial, and the damages to be assessed by the jury.

*S. J. Walton & L. L. Walton,* for the plaintiff.

The $500 named in the contract should be regarded as liqui-
dated damages, because unaccompanied by any statement that the

parties regarded it as penal. *Gammon* v. *Howe*, 14 Maine, 250, 254. Even if the term penalty had been used, that of itself would not have been conclusive. Parsons' Con., vol. 3, c. 8, § 2. *Dwinel* v. *Brown*, 54 Maine, 468, and opinion near close of p. 471, and opinion p. 475. *Chase* v. *Allen*, 13 Gray, 42, 45. *Hodges* v. *King*, 7 Met. 583, 586.

The parties intended to fix the amount of the damages, on account of the difficulty if not impossibility of ascertaining and computing them. Parsons' Con., vol. 3, c. 8, § 2.

The sum fixed is reasonable; and the case does not come under any one of the exceptions, where the sum named has been regarded by the court as a penalty.

*S. D. Lindsey,* for the defendant.

The primary undertaking of the defendant was not to pay money, but to close his house; and the sum specified is collateral.

It is not named as damages.

Forfeitures are not favored. If possible, the court will treat the sum as a penalty, and permit the defendant to show actual damages.

To hold the damages liquidated might lead to inequitable results. Suppose he opened his house but for a single day, near the close of the term.

There neither exists in this case the express stipulation that the $500 should be considered liquidated, nor is the nature of the contract such that the damages may not be satisfactorily ascertained. *Shute* v. *Taylor,* 5 Met. 61. *Stearns* v. *Barrett,* 1 Pick. 443. *Merrill* v. *Merrill,* 15 Mass. 488. *Lawrence* v. *Parker,* 1 Mass. 191. *Higginson* v. *Weld,* 14 Gray, 165. *Fish* v. *Gray,* 11 Allen, 133. 2 Greenl. Ev., § 258.

WALTON, J. The defendant bound himself in the sum of $500, to close his house as a public house, and not to allow his house or his stables to be used for the accommodation of the traveling public for the next five years; and the only question is whether the sum mentioned shall be considered as liquidated damages or a penalty.

We think it must be regarded as liquidated damages. The

authorities run in nearly an unbroken current to the effect that, where a party binds himself in a sum named not to carry on any particular trade, business, or profession, within certain limits, or within a specified period of time, the sum mentioned will be regarded as liquidated damages, and not a penalty.

In *Leighton* v. *Wales*, 3 Mee. & W. 545, where the defendant bound himself not to run a coach over a certain road, at any time within one hour before or after certain specified hours of the day, under a penalty of £40: held, that the £40 must be construed as liquidated damages, and not as a penalty.

In *Crisdee* v. *Bolton*, 3 Car. & P. 240, where, in an agreement for the sale of a public house, the seller agreed not to be concerned in carrying on the business of a publican within a mile of the house he had sold, under the penal sum of £500, it was held that the whole sum was recoverable as stipulated damages.

In *Rawlinson* v. *Clarke*, 14 Mee. & W. 187, where an apothecary sold out his business, and agreed not to carry on the business within three miles of the then place of business, and for a breach of the agreement, to pay £500, it was held that the measure of damages was the full sum named.

In *Price* v. *Green*, 16 M. & W. 346, where the defendant bound himself in the sum of £5000, not to engage in the business of a perfumer in London or Westminster, it was held that for a breach of the agreement the plaintiff was entitled to recover the whole sum of £5000.

In *Galsworthy* v. *Strutt*, 1 Exch. 659, where an attorney agreed that he would not within the next seven years engage directly nor indirectly, in the business of an attorney or solicitor, within fifty miles of a place named, and, if he should violate his agreement, that he would pay the plaintiff £1000, it was held that the sum named must be considered liquidated damages, and not a penalty.

In *Sainter* v. *Ferguson*, 7 C. B. 716, where a surgeon agreed that he would not practice within seven miles of a place named, under a penalty of £500, it was held that the £500 was not a penalty, but liquidated damages.

In *Atkyns* v. *Kinnier*, 4 Exch. 776, where a surgeon agreed

that he would not practice within certain limits named, and, for a breach of the agreement, would pay £1000, it was held that the £1000 was liquidated damages, and not a penalty.

In *Pierce* v. *Fuller*, 8 Mass. 223, where the defendant agreed not to run a stage on a certain road, under the penalty of $290, it was held that the sum named must be regarded as liquidated damages.

In *Dakin* v. *Williams*, 17 Wend. 447, S. C. 22 Wend. 201, where the defendant sold a newspaper establishment, and bound himself in the sum of $3000, not to publish a rival paper, the sum named was held to be liquidated damages.

In *Mott* v. *Mott*, 11 Barb. 127, where the defendant bound himself in the sum of $500 not to practice medicine within a certain town named, for five years, it was held that the $500 must be regarded as liquidated damages, and not as a penalty. In this case the court recognize the principle that where a certain sum has been agreed upon as damages for the violation of an agreement restraining a party from the use of a trade or profession, the sum named will, in general, be considered as liquidated damages.

In *Streeter* v. *Rush*, 25 Cal. 67, a butcher sold out, and bound himself in the sum of $400 not to go into business again in the same place, without the plaintiff's consent; and in *Duffy* v. *Shocky*, 11 Ind. 70, the defendant agreed not to have a marble shop within certain territory under a penalty named; and in *Gresselli* v. *Lowden*, 11 Ohio St. 349, that he would not work a laboratory, claimed to be a nuisance to the plaintiff's premises, and if he did, to pay $3000; and in *Jaquith* v. *Hudson*, 5 Mich. 123, a retiring partner agreed to forfeit $1000 if he went into business again in the same place within a certain time; and in *Cushing* v. *Drew*, 97 Mass. 445, the defendant sold out an express business, and agreed not to engage in the same business again in the same place so long as the plaintiff should continue in it; and in all these cases the sums named were held to be liquidated damages, and not penalties.

We think the case now before us falls clearly within the principle of these decisions, namely, that where a party binds himself in a sum certain not to carry on, or allow to be carried on, any par-

ticular kind of business, within certain territory, or within a certain time named, the sum mentioned will, in general, be regarded as liquidated damages, and not as a penalty. Of course, if the sum named should be out of all proportion to any possible damage which the plaintiff could sustain, the court would hold otherwise, upon the very reasonable presumption that the parties never could have intended that the sum named should be regarded as liquidated damages. But in all ordinary cases, where there is no such disproportion, we think the sum agreed upon should be the amount recoverable. In this case there is no such disproportion, and our conclusion is that the defendant must abide by the agreement which he thought proper to make.

*Judgment for plaintiff for* $500.

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.