STAFFORD v. SHORTREED.

1. **Injunction:** TO RESTRAIN BREACH OF CONTRACT: FACTS NOT WARRANTING. Where defendant sold to plaintiff his business and the good will thereof, and entered into a bond in the penalty of $100 not to engage in the same business at the same place, *held* that the $100 was in the nature of stipulated damages for the breach of the bond; that defendant incurred the whole penalty by a single breach; that plaintiff's remedy was exhausted upon the receiving of that amount, and that he was not entitled to an injunction, under § 3386 of the Code, to restrain a continuation of the breach of the contract, notwithstanding defendant was insolvent, so that the penalty of the bond could not be made of him.

*Appeal from Allamakee Circuit Court.*

FRIDAY, DECEMBER 14.

THIS is an action to recover damages for the breach of a

bond, and also for an injunction against the defendant, to prohibit him from working at the blacksmithing business in Postville, or within four miles thereof. A temporary injunction was granted, which was dissolved on motion, and plaintiff appeals.

*F. S. Burling*, for appellant.

*S. S. Powers*, for appellee.

ROTHROCK, J.—The amount involved in the suit as shown by the pleadings does not exceed $100, and the case comes to us upon a certificate of the trial judge, of which the following is a copy:

"The following are the facts in said cause: January 4, 1881, plaintiff, G. W. Stafford, purchased of defendant, Thomas Shortreed, his blacksmith tools and stock, and the good will of his business, at Postville, Iowa, for the term of three years, and afterwards executed to plaintiff the following contract:

"'This is to certify that I have this day sold to G. W Stafford all of the blacksmith tools in my shop, consisting of anvils, bellows,    *    *    *    and all appertaining to my shop, for $100, and I promise in this sale to obligate myself to do no work at the blacksmith trade, for myself or for wages, for three years, in Postville, or within four miles of Postville, under a penalty of $100 to be paid to G. W. Stafford, if I do any blacksmithing.

"'THOMAS SHORTREED.'

"March 17, 1883, an order was made by me that, upon filing a bond in the sum of $500, a temporary injunction issue. The bond was given and the injunction issued, and it was served April 3, 1883.

"April 27, 1883, and without filing an answer or other pleading, a motion was made in vacation to dissolve the injunction, and taken under advisement. The defendant is insolvent, and commenced working at the blacksmith trade,

in Postville, for himself, about February 27, 1883, without paying the penalty.

"May 5, 1883, at chambers, the motion to dissolve said injunction was sustained, and injunction dissolved.

"Plaintiff excepts.

"I hereby certify, under the foregoing facts, and the petition and amendment thereto, that this case involves the de termination of the following questions of law, upon which it is desirable to have the opinion of the supreme court:

"Can plaintiff recover the damages actually sustained already, and have an injudction restraining defendant from continuing to work at the blacksmith trade for himself or for wages?

"Under section 3386 of the Code, where a contract as above given provides for a specified amount as a penalty for the breach of such a contract, and the contract is broken, can the plaintiff recover such penalty, and in the same action enjoin a continuation of such breach?

"C. T. GRANGER, Judge."

We think the court correctly ordered that the injunction be dissolved. The penalty for a breach of the bond was fixed at the sum of $100. It is to be presumed that the plaintiff made his contract with a full knowledge of defendant's financial standing and ability to discharge his obligation. If he had doubts upon that question, he should have required some security to protect himself against any damages which he might sustain by reason of the defendant's failure to observe his agreement. As he took the defendant's promise to pay him $100 if defendant should violate his agreement, he cannot ask more than the ordinary process of the law to enforce payment. The amount which the defendant agreed to pay is in the nature of stipulated damages. It cannot be regarded as a penalty, because the actual damages which plaintiff may sustain by a violation of the agreement must, in the nature of things, be the subject of mere conjecture. They cannot be established by evidence, even

approximately. Section 3386 of the Code has no application to a case like this. It is therein provided that in "all cases of breach of contract or other injury, where the party injured is entitled to maintain and has brought an action by ordinary proceedings, he may in the same cause pray and have a writ of injunction against the repetition or continuance of such breach of contract or other injury.  *  *  *

In this case there can be no repetition or continuance of a breach of the contract, because, when the defendant commenced to work at blacksmithing at Postville, he incurred the whole liability, which was to pay the plaintiff $100.

AFFIRMED.