## CARL F. DEAN ET ALS. vs. THE CONNECTICUT TOBACCO CORPORATION.

First Judicial District, Hartford, October Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The credibility of witnesses and the weight to be accorded to their testimony are matters peculiarly within the province of a jury. Accordingly, the jury are under no obligation to accept the figures given by the defendants' witnesses, although not directly contradicted, as to what it would cost to make good deficiencies in a building which the plaintiffs had contracted to erect for the defendant.

If the owner of a building, when sued by the contractor, desires to rely in his defense upon a provision in the specifications that the work was to be done "to the complete satisfaction of the owner," it is incumbent upon him to plead such provision and also his dissatisfaction with the work.

Such a provision may be waived by the owner, and is waived if he takes possession of and uses the building, and, when sued, merely denies the performance of the contract and asks damages for specified imperfections in the work.

Special damages are not recoverable if the evidence offered furnishes no basis whatever for their estimation beyond a mere guess.

Dean *v.* Connecticut Tobacco Corporation.

In the present case a building contract provided for a payment by the contractor of "$25 per day forfeit for noncompletion of the work" as specified. *Held* that inasmuch as it was apparent that the parties intended to liquidate the uncertain amount of damage which would result to the owner in the event of delay in completing the building, and that the amount agreed upon was not unreasonable, the provision would be enforced as one for liquidated damages, notwithstanding the payment was described in terms of a forfeiture.

Where the parties have stipulated in advance as to the amount of damages that may be awarded, a further recovery, or a recovery upon some other basis, is not allowable.

In the present case the defendant, owner of a tobacco warehouse built for it by the plaintiffs, filed three counterclaims, two for a recovery of the liquidated damages of $25 per day, and one for a recovery of special damages for injuries to its harvested tobacco alleged to have resulted from the plaintiffs' delay in completing the warehouse; but before trial, and pursuant to an order of court, elected to proceed upon the claim for special damages only. *Held* that the defendant had by this election deprived itself of any right it might have established to recover liquidated damages for the delay; and that inasmuch as the defendant could not, under its contract, recover any other damages for that cause, instructions to the jury respecting the period of delay, even if erroneous were harmless.

Argued October 7th—decided December 2d, 1914.

ACTION to recover a balance alleged to be due upon a building contract, and also the reasonable worth of extra work and materials, brought to the Superior Court in Hartford County and tried to the jury before *Holcomb, J.;* verdict finding the issues for the plaintiffs upon their complaint, and for the defendant upon its counterclaim, and awarding the plaintiff $4,584, from the judgment upon which, and from the refusal of the court to set aside the verdict, the defendant appealed. *No error.*

The original plaintiffs, building contractors, and the defendant, a tobacco grower, entered into a written contract under date of July 6th, 1911, for the construction by the plaintiffs for the defendant of a tobacco warehouse in accordance with specifications made a part of the contract. The contract contained the

following, among the plaintiffs' undertakings: "one-half of the building to be ready for occupancy on or before August 27th, provided the work is not delayed by non-arrival of materials and other causes beyond our control, and the entire building to be finished on or before October 15th, 1911. We agree to pay $25 per day forfeit for noncompletion of work as above specified." The specifications contained the following provision: "The contractor is to carry on his work with reasonable rapidity consistent with thorough workmanship and to the complete satisfaction of the owners."

The plaintiffs brought their action, alleging performance of all of the provisions of the contract, with the exception of certain minor details omitted at the defendant's request, and claimed a balance due upon the contract price. They also claimed to recover the sum of $3,368.90 for extras. The defendant, in its answer, denied the allegation of performance, while admitting that certain parts of the work contained in the specifications were omitted upon its request.

The answer contained five counterclaims. The first sought to recover at the rate of $25 a day during the time following August 27th, 1911, during which period it was alleged that one half of the warehouse was uncompleted; the second at the same rate for the period following October 15th, 1911, during which it was alleged that the entire building remained incomplete. The third counterclaim was for special damages, alleged to have been suffered on account of the noncompletion of the building, through injury to harvested tobacco and cost and expenses attending its care. The fourth alleged the plaintiffs' failure to complete the building according to contract, and sought recovery for the plaintiffs' neglect and failures in that regard. The fifth possesses no present importance. Before trial the defendant, pursuant to an order of court, elected, as

between its first, second and third counterclaims, to proceed upon the third, and not upon the first and second.

The plaintiffs, in their reply, set up that the original contract was substantially altered by the parties by the elimination of work therein called for and the inclusion of extra work, that any delay in the completion of the building was caused thereby, and that the defendant thus waived its right to enforce the provisions as to the date of completion and to claim penalties or damages for any delay.

Upon the trial it was conceded that an unpaid balance of $1,474.16 was due upon the contract price.

During the progress of the cause one of the original plaintiffs was adjudicated a bankrupt, and his trustee in bankruptcy entered as a party plaintiff.

The remaining pertinent facts are sufficiently stated in the opinion.

*Herbert Knox Smith,* with whom was *Ernest Walker Smith,* for the appellant (defendant).

*John T. Robinson,* for the appellees (plaintiffs).

PRENTICE, C. J. The reasons of appeal impute error to the trial court in its denial of the defendant's motion to set aside the verdict as contrary to the evidence and excessive and to grant a new trial. The argument by which this conclusion is reached rests upon the primary proposition that an analysis of the pleadings, charge and verdict, discloses that no greater award than $1,143.06 was made by the jury upon its counterclaims, one of which alleged nonperformance of the contract in certain respects. This proposition is not disputed. The next step in the argument is the assertion that the allowance of so small a sum as that for the

claimed deficiencies in the work could not be justified in reason. Two deficiencies are pointed out, which, it is said, were established without contradiction and beyond question. This appears to be, in a general way at least, true. The next step in the attempted demonstration, however, is by no means so satisfactory. Testimony as to the cost of conforming the work to the contract standard was confined to one witness as to one detail, who placed the figure as to that detail at $2,320, and as to the other detail, to this same witness and another, both of whom testified that the cost would be $300, these two sums together amounting to $2,620. The defendant charges that an award of only $1,143.06 in the face of such uncontroverted testimony offered by it is intellectually inadmissible.

We cannot agree to this proposition. The jurors saw the witnesses and heard their testimony. It was their privilege and duty to pass upon its credibility and the weight to be accorded to it. They were under no obligation to accept the figures testified to, even though there was no direct contradiction of them, and there is nothing in the case to establish a figure below which an award could not reasonably be made. The question at issue was one peculiarly within the province of the jury, and no reasons appear why its conclusion should not be final.

The defendant complains of the refusal of the court to comply with its request to instruct the jury that, by reason of the provision in the specifications that the contractor was to carry on his work with reasonable rapidity consistent with thorough workmanship and to the complete satisfaction of the owner, the plaintiffs could recover nothing because the work was not done to the satisfaction of the owner.

Even if it be assumed that this language of the specifications concerning the satisfaction of the owner

refers to the character of the completed work as well as to its progress, the defendant was not entitled to the instruction requested. It had not pleaded dissatisfaction, and it was incumbent upon it to do so, if it desired to rely upon that defense. Its denial of the plaintiffs' general allegation of performance, save in the particulars where there had been changes at the defendant's request, was not sufficient.

Furthermore, a provision, such as the one in question is said to be, is one which may be waived; and the defendant, by the course it pursued in taking possession of and using the warehouse, and in so pleading that the court and jury were asked to determine whether or not the contractors had performed their contract, and to award it damages for their failures in that regard, accomplished such waiver. *Healy* v. *Fallon,* 69 Conn. 228, 234, 37 Atl. 495.

The defendant's third counterclaim presents a claim for special damages through injury to harvested tobacco, resulting from delay in the completion of the warehouse beyond the stipulated date. With respect to this claim the court's instruction was that there could be no recovery for this cause, for want of evidence furnishing any basis whatsoever for the estimation of damages beyond a mere guess. Giving the defendant the full benefit of a desired correction in the finding, so that the evidence touching this subject may be open to our examination, it appears that only two witnesses testified with reference to it, and that the testimony they gave was entirely theoretical and confined to possibilities or probabilities under conditions not shown to have existed. One of these witnesses was the man of all others who should have known of any harm which in fact befell the tobacco, and the extent of it, and yet his testimony was confined to the field of speculation, and avoided any statements of what had actually

occurred. The court's instruction was amply justified for the reason assigned.

But there is another even more conclusive one. These parties had in their contract liquidated the damages recoverable for any delay in the completion of the work. They had provided in the contract for a payment of $25 a day in that event. To be sure this provision describes this payment in the terms of a forfeiture. That, however, is of small consequence, since the intent of the parties to liquidate the uncertain amount of damage which would result to the defendant in the event of noncompletion is apparent, and the amount agreed upon was not unreasonable. In such case effect will be given to the intent, and the provision, whatever its peculiar phraseology, enforced as one for liquidated damages. 1 Sedgwick on Damages (9th Ed.) §§ 405, 408, 419; *Tingley* v. *Cutler*, 7 Conn. 291, 295; *New Britain* v. *New Britain Telephone Co.*, 74 Conn. 326, 333, 50 Atl. 881, 1015; *Associated Hat Manufacturers* v. *Baird-Unteidt Co.*, 88 Conn. 332, 345, 91 Atl. 373; *Hall* v. *Crowley*, 87 Mass. (5 Allen) 304, 305; *Sun Printing & Publishing Asso.* v. *Moore*, 183 U. S. 642, 22 Sup. Ct. Rep. 240. "Where, independently of the stipulation, the damages would be wholly uncertain, and incapable or very difficult of being ascertained, except by mere conjecture, there the damages will be usually considered liquidated." 1 Sedgwick on Damages (9th Ed.) § 416. Building contracts furnish conditions peculiarly suited to liquidation stipulations, which, however expressed, have been commonly construed as providing for liquidated damages, and not as fixing penalties. *Hall* v. *Crowley*, 87 Mass. (5 Allen) 304, 305; *Curtis* v. *Van Bergh*, 161 N. Y. 47, 52, 55 N. E. 398; *Western Gas Construction Co.* v. *Dowagiac Gas & Fuel Co.*, 146 Mich. 119, 120, 109 N. W. 29. The parties having stipulated in advance as to the amount

of damages recoverable, further recovery, or recovery upon some other basis, could not, of course, be had.

The appellant's complaint of the court's interpretation of the contract, to the effect that the qualifying clause in the provision relating to time of completion: "provided the work is not delayed by non-arrival of material and other causes beyond our control," applied to the time of the completion of the entire structure as well as to that of one half of it, is one which does not call for our consideration. The defendant, by its election not to proceed upon the first and second of its counterclaims, which sought recovery of the $25 *per diem* payment, and to proceed upon its third, which sought recovery of special damages, deprived itself of any right it might have established to recover liquidated damages, and, the provision therefor having been made, no other or additional recovery could, as we have seen, have been had. The defendant, by force of the terms of the contract and the pleadings, was in no position to recover damages for delay in completion, whether in one form or the other, and could not, therefore, have been harmed by any instruction which concerned only the period of delay.

There is no error.

In this opinion the other judges concurred.