CHARLES J. BANTA *vs.* THE STAMFORD MOTOR COMPANY.

Third Judicial District, Bridgeport, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

When contracting, parties may expressly agree upon the amount to be
paid as damages for a breach of the contract, and such a stipulation
will be regarded and enforced by the courts as one for liquidated
damages, provided the nature of the engagement be such that, if
broken, the anticipated resultant damages would be uncertain in
amount or difficult to prove, and the sum agreed upon by the
parties be a reasonable one, that is, not greatly disproportioned
to the presumable loss or injury.

In the present case the defendant agreed to build a gasoline power
yacht for the plaintiff, and to have it ready for delivery on or
before September 1st, 1911. If ready earlier the plaintiff was to
pay the defendant $5 per day in addition to the contract price,
and for each day's delay in delivery after September 1st the de-
fendant was to pay $15 to the plaintiff, which was the rental value
per day of such a boat, and a sum which the trial court found to be
reasonable. The plaintiff intended to use the boat solely for
pleasure purposes, as the defendant knew, and had planned to
cruise in Chesapeake Bay in October and November before going
to Florida waters, but was unable to go as the boat was not com-
pleted until November 25th. *Held:*—

1. That the provision in question was clearly intended to fix in advance
the fair amount to be paid as damages in the event of a breach,
and that the other conditions requisite to a valid stipulation
for liquidated damages were also present.

2. That the fact that the boat was to be used solely for the plaintiff's
pleasure and gratification, and that no direct pecuniary loss, through
the hiring of a substitute or otherwise, was shown, did not prevent
recovery by him of substantial damages.

3. That the standard of measure in the present case was not furnished
by the plaintiff's actual loss or injury, but by such as might reason-
ably have been anticipated at the time the contract was made;
and that, so considered, this court could not say that the agreed
upon sum of $15 a day was unreasonable.

4. That evidence of the rental price of a boat like that in question was
properly admitted.

The trial court found that the delay of the plaintiff in paying instal-
ments did not cause the delay of the defendant in completing the
boat, as the defendant had alleged. The defendant asked that this

Banta *v.* Stamford Motor Co.

finding be corrected, as it insisted there was no evidence one way or the other upon this subject. *Held* that if that were true, it would not avail the defendant, since the burden of proof was upon it to establish its allegation.

Argued November 6th—decided December 21st, 1914.

ACTION to recover damages for breach of contract to build and deliver a gasoline cruiser at a prescribed date, brought to and tried by the Superior Court in Fairfield County, *Bennett, J.;* facts found and judgment rendered for the plaintiff for $1,210, and appeal by the defendant. *No error.*

On June 1st, 1911, the defendant contracted with the plaintiff to build for him a gasoline power yacht for the purchase price, exclusive of machinery and equipment, of $5,500, the same to be paid in instalments as the work of construction progressed. In the contract the defendant agreed to have the yacht complete and ready for delivery on or before September 1st, 1911, save under exceptional conditions not present in this case. It was further agreed that for each day the boat was ready for delivery before that date the plaintiff should pay the defendant $5, in addition to the contract price, and that for each day of delay in delivery beyond that date the defendant should pay to the plaintiff $15. The boat was not completed and ready for delivery until November 25th, 1911.

Payments on account of the purchase price were made as the work progressed. On November 25th, when the boat was completed, there remained unpaid of the contract price and for some extra work the sum of $1,126.24. The plaintiff claimed that there was then due to him under the provisions of the contract for delay the sum of $15 a day covering the period from September 1st to November 25th, making in all the sum of $1,275. This claim the defendant refused to

admit. The parties thereupon met in an effort to adjust their differences, and entered into a written agreement pursuant to which the boat was delivered to the plaintiff and the plaintiff paid to the defendant the $1,126.24, less an allowance of $200 for delay, which allowance the defendant was willing to make. By the terms of this agreement the plaintiff was left free to sue the defendant to recover the balance claimed by the former for the delay in delivery. The present suit, which sought recovery of this balance, followed.

The boat was a pleasure craft, and was intended by the plaintiff for use by him in cruising in Chesapeake Bay during the months of October and November, and later for a pleasure trip in Florida waters. The defendant was aware of the plaintiff's purpose, and that he wanted the boat on the day of delivery in order that he might start South sufficiently early to carry out his plans. As a result of the delay in the completion of the boat, the plaintiff was unable to enjoy it as he had planned, and was compelled to give up his intended cruise in Chesapeake Bay. The rental value of such a boat is, and at the time of the execution of the contract was, $15 a day. The sum of $15 a day was a fair and reasonable one to be paid for delay in completion.

The plaintiff did not rent another boat or incur any expense or make any disbursement occasioned by the delay in delivery. He had no intention of renting the boat, and would not have rented it, or obtained any revenue from it, had it been delivered as agreed.

The parties to the contract did not at any time discuss or calculate the amount of probable damages that would follow from failure to make delivery upon the date fixed in the contract.

*Homer S. Cummings,* for the appellant (defendant).

*Robert A. Fosdick,* for the appellee (plaintiff).

PRENTICE, C. J.   The plaintiff sues to recover, as liquidated damages, the total of *per diem* sums stipulated in a contract for the construction of a pleasure boat to be paid by the defendant, the builder, in the event of delay in its completion as provided in the contract.   The defendant contends that these sums, being in the nature of a penalty, and not, as the plaintiff asserts, of liquidated damages, are ·not recoverable. The defendant, by its contract with the plaintiff, agreed to pay these sums in the event named.   It must abide by its bargain in this particular unless its undertaking was one which the law will not permit to be enforced as involving the exaction of a penalty.

"As a general rule parties are allowed to make such contracts as they please, including contracts to liquidate and fix beforehand the amount to be paid as damages for a breach of such contracts; but the courts have always exercised a certain power of control over contracts to liquidate damages, so as to keep them in harmony with the fundamental general rule that compensation shall be commensurate with the extent of the injury. . . .   When the nature of the engagement is such that upon a breach of it the amount of damages would be uncertain or difficult of proof, and the parties have beforehand expressly agreed upon the amount of damages and that amount ·is not greatly disproportionate to the presumable loss, their expressed intent will be carried out."   *New Britain* v. *New Britain Telephone Co.,* 74 Conn. 326, 332, 333, 50 Atl. 881, 1015.   In the recent cases of *Associated Hat Manufacturers* v. *Baird-Unteidt Co.,* 88 Conn. 333, 91 Atl. 373, and *Dean* v. *Connecticut Tobacco Corporation,* 88 Conn. 619, 92

Atl. 408, we had our attention again directed to this subject, and the doctrine of the earlier case was re-affirmed. These cases determined that, when certain conditions co-exist, the provision for the payment of a stipulated sum in the event of a breach of contract will be regarded and enforced as one for liquidated damages. These conditions, clearly brought out in the opinions in these cases, are (1) the damages to be anticipated as resulting from the breach must be uncertain in amount or difficult to prove; (2) there must have been an intent on the part of the parties to liquidate them in advance; and (3) the amount stipulated must be a reasonable one, that is to say, not greatly disproportioned to the presumable loss or injury.

As to the second of these conditions, there cannot be any reasonable doubt that the intent of the provision under consideration was not to exact a penalty for non-performance, but to determine in advance the fair amount to be paid as damages in the event of breach. This was a construction contract—one of a kind, ·therefore, which furnishes conditions peculiarly suitable for provisions liquidating damages, and which very commonly contains such provisions. *Dean* v. *Connecticut Tobacco Corporation,* 88 Conn. 619, 92 Atl. 408. The provision in this contract undoubtedly was not understood as differing either in purpose or character from those which so frequently enter into construction contracts and are commonly understood as furnishing the agreed amount of damages.

That the first condition was satisfied is a self-demonstrating proposition. The situation was such that the loss or injury to be anticipated from a breach, and the extent of it, would inevitably lie in the field of uncertainty and be difficult to prove, and that an attempt to measure it in the terms of dollars and cents would be beset by even greater difficulties.

The defendant's contention, and the one upon which it chiefly relies, is that the third condition is necessarily wanting, since the plaintiff, in the absence of the provision in controversy, could recover nothing for delay in the completion and delivery of the yacht, for the reason that it was an article of luxury intended solely for the plaintiff's use for his personal pleasure and gratification, and no direct pecuniary loss through the hiring of a substitute or otherwise was shown. This claim came under our consideration in *Cook* v. *Packard Motor Car Co.*, 88 Conn. 590, 92 Atl. 413, and was there overruled. The extended discussion of it contained in the opinion in that case need not be repeated now. The situation there presented was in all respects analogous to the one before us, and the conclusion reached was that one who has been wrongfully deprived of the use of an article is not barred from the recovery of substantial damages therefor by reason of the fact that it was an article of luxury, and by him devoted solely to personal pleasure and gratification.

The plaintiff being in a position to recover substantial damages for the defendant's delay, the latter's only remaining hope lies in its ability to show that $15 a day was unreasonable in amount. The standard of measure here is not furnished by the plaintiff's actual loss or injury, as the event proved, but by the loss or injury which might reasonably have been anticipated at the time the contract was made, or, as we said in *New Britain* v. *New Britain Telephone Co.*, 74 Conn. 326, 333, 50 Atl. 881, 1015, "the presumable loss." It is the look forward, and not backward, that we are called upon to take, and the plaintiff is under no obligation to show actual damage suffered substantially commensurate with the $15 a day rate in order to support the provision as one in liquidation of damages.

The extent that the plaintiff might have been in-

jured by delay in the completion of the yacht which he was desirous of using in the fall months for cruising in Chesapeake Bay and later in Florida waters, and the measure of it in money, both lie in a marked degree in the field of uncertainty. It is apparent that the date of delivery was not a matter of unconcern to the plaintiff. He was, as the contract shows, willing to pay $5 a day for earlier delivery. It is quite conceivable that time in the fall was a considerable factor in the execution of cherished plans. Possibly the prospect of having the yacht for fall use was the moving motive in ordering it at all. The defendant was informed of the plaintiff's purpose in using the boat. Presumably it, being a boat builder, was aware of the conditions of pleasure-boat using. They mutually agreed upon the figure which was incorporated into the contract as the measure of damages for delay. They did not indeed formally sit down and canvass the situation, and figure out as best they could what would be a fair allowance for the probable damage which the plaintiff would suffer by delay in the yacht's delivery. That was unnecessary. The defendant was not dealing with a matter concerning which it was without knowledge. It signed the contract voluntarily, and by that signature signified its concurrence in the stipulation as to damages it contained. The situation was one peculiarly appropriate for some stipulation upon that subject. The parties made one which the trial court has found to be reasonable. We cannot say that it erred in reaching that conclusion.

"The courts at one time seemed to be quite strong in their views and would scarcely admit that there ever was a valid contract providing for liquidated damages. Their tendency was to construe the language as a penalty, so that nothing but the actual damages sustained by the party aggrieved could be recovered. Subsequently the courts became more tolerant of such

provisions, and have now become strongly inclined to allow parties to make their own contracts, and to carry out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained. . . . The question always is, what did the parties intend by the language used? When such intention is ascertained it is ordinarily the duty of the court to carry it out." *United States* v. *Bethlehem Steel Co.*, 205 U. S. 105, 119, 27 Sup. Ct. Rep. 450.

Complaint is made of the court's admission of evidence of the rental price of a boat like the one under consideration. This identical question was passed upon adversely to the present defendant's contention in *Cook* v. *Packard Motor Car Co.*, 88 Conn. 590, 92 Atl. 413.

The defendant asks for several corrections of the finding. All of these, save one already incidentally passed upon and one other, relate to matters which, in view of our conclusions, are immaterial. The one last referred to deals with the court's finding that delays in payments of instalments did not cause delay in the completion of the boat. It is said that this finding was unwarranted, for the reason that there was no evidence one way or the other upon that subject. This proposition is scarcely justified. There was evidence from the defendant's representative directly in support of the court's statement. But even if the defendant's assertion is well founded, the resulting situation would not help it. It pleaded delays in payments in excuse of its delay in completion, and the burden was upon it to establish its allegation. If no evidence upon the matter was offered, the allegation failed, and with it the excuse it was designed to support. The evidence appears to have established the negative, as the court has found,

but the defendant is by the negative finding put in no worse position than it would be in with the affirmative unproven.

There is no error.

In this opinion the other judges concurred.