## ABRAHAM RABINOWITZ *vs.* ABRAHAM J. APTER.

First Judicial District, Hartford, October Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Parties may agree in advance upon the amount to be paid as damages for a breach of their contract, and this stipulation will be regarded and enforced as one for liquidated damages, provided it appear, first, that the parties so intended, second, that the nature of the undertaking is such that the ascertainment of the damages for its breach would be a matter of uncertainty or difficulty, and third, that the amount agreed upon by the parties is not greatly disproportionate to the presumable loss or injury.

Where these conditions are present, it is not essential that any evidence be presented of actual loss or damage, but the prevailing party is entitled to judgment for the stipulated sum.

In the present case the parties agreed to exchange real estate of substantial value by a specified date, and to "pay five hundred dollars liquidated damages" if either of them broke the agreement. Each party alleged performance and each claimed the $500 for the other's breach. The trial court found that the plaintiff had broken the agreement and that the defendant had fully performed his part of it and was entitled to judgment; but because no evidence was given of any actual loss, and because the plaintiff, after his breach, offered to perform, the trial court awarded the defendant, under his counterclaim, only nominal damages of $10. *Held:*—

1. That the nature of the contract was such that the damages likely to result from its breach might well be uncertain in amount and difficult of ascertainment; and that in the absence of any finding that the $500 was an unreasonable sum to be inserted as liquidated

(1)

damages, or of any facts which necessarily led to that conclusion, this court could not say as matter of law that it was unreasonable.

2. That the damages accrued when the plaintiff broke the contract, and therefore his subsequent offer to perform was immaterial and irrelevant.

3. That the defendant was entitled to recover the sum of $500 agreed upon by the parties as liquidated damages.

Submitted on briefs October 7th—decided December 17th, 1915.

ACTION to recover damages for an alleged breach of a written agreement for an exchange of real estate, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered awarding $10 only to the defendant, upon his counterclaim demanding $500 as liquidated damages, from which he appealed. *Error; judgment for $500 to be entered for defendant.*

*John J. Dwyer* and *Jacob Schwolsky*, for the appellant (defendant).

*Albert C. Bill*, for the appellee (plaintiff).

WHEELER, J. The plaintiff and defendant entered into a written agreement for the exchange of certain real estate on or before a named date. The plaintiff brought his action against the defendant alleging that he had been ready and willing to fulfil his part of the agreement, but the defendant had refused to fulfil his part of the agreement, and claiming that the defendant was liable for the damages specified in the agreement, which provided that "in case either party violate any of the terms herein he shall pay five hundred dollars liquidated damages and agent's commission."

With his answer the defendant filed a counterclaim alleging the making of the agreement, his readiness to perform, and the refusal of the plaintiff to perform, and claiming $500 damages, as provided in the agreement.

The trial court found the issues for the defendant and adjudged that he recover nominal damages assessed at $10.

Since the trial court found the plaintiff had broken the agreement while the defendant had been ready and willing to perform, the judgment for the defendant followed as a matter of course. The court held that in the absence of proof of actual damage the defendant was entitled to recover only nominal damages, and rendered judgment accordingly.

The plaintiff has not appealed, hence the validity of a judgment in favor of the defendant is not in issue. Upon the defendant's appeal the sole question is as to the amount of the judgment.

The agreement to pay $500 as liquidated damages determines it to be the intention of the parties to liquidate the damages in advance of breach. A provision "for the payment of a stipulated sum in the event of a breach of a contract will be regarded and enforced as one for liquidated damages," provided certain conditions exist, namely: (1) that the damages to be anticipated are uncertain in amount or difficult to prove; (2) that the parties intended to liquidate them in advance; and (3) that the amount stipulated is a reasonable one, that is, not greatly disproportionate to the presumable loss or injury. *Banta* v. *Stamford Motor Co.*, 89 Conn. 51, 55, 92 Atl. 665; *Dean* v. *Connecticut Tobacco Corporation*, 88 Conn. 619, 92 Atl. 408; *Schoolnick* v. *Gold*, 89 Conn. 110, 93 Atl. 124.

Under the agreement of exchange the plaintiff agreed to sell and convey to the defendant certain property subject to a first mortgage, and to a second mortgage payable in instalments accruing twice a year; and the defendant agreed to sell and convey to the plaintiff certain property subject to a first mortgage, and to give to him a third mortgage on the property he conveyed to

defendant, payable in instalments accruing twice a year. The value of these properties is not found, but the amount of the incumbrances would indicate that the property to be conveyed by the plaintiff was worth upward of $14,000, while that of the defendant was worth upward of $2,200. In a transaction of this character, involving an exchange of properties of such values, the damages which might reasonably be anticipated from a breach of the contract might be difficult of proof, and uncertain in amount. It has not been found by the trial court that $500 is greatly disproportionate to the loss which might have resulted from a breach of the contract. Nor have facts been found from which this conclusion must necessarily follow as matter of law. So far as the finding goes the contrary appears. We cannot, in the absence of a finding that the sum stipulated is unreasonable, or of facts which make this conclusion the only permissible one, hold as matter of law the sum stipulated an unreasonable one. The test of unreasonableness is not by comparison between the actual damage suffered and the stipulated sum, but by comparison of the damage which might reasonably have followed a breach, with the sum stipulated. All of the conditions co-exist in this case which we have held requisite to make the stipulated sum a liquidated one and not a penalty.

The trial court erroneously held that the offer to perform after breach, and the absence of proof of actual damage, justified its judgment for nominal damages. The subsequent offer to perform had no relation to the damages which accrued upon the breach. The proof or nonproof of actual damage likewise had no relation to the damages recoverable. These were fixed at the time of the breach by the sum stipulated by the parties. *Banta v. Stamford Motor Co.,* 89 Conn. 51, 56, 92 Atl. 665.

There is error, the cause is remanded with direction

to the Court of Common Pleas to set aside the judgment and enter judgment for the defendant in the sum of $500, with interest from May 16th, 1912.

In this opinion the other judges concurred.